O
JS-6

# United States District Court
# Central District of California

ROBERT R. JIMENEZ,

    Plaintiff,

v.

MONICA CHESSER et al.,

    Defendants.

Case № 2:25-cv-04415-ODW (PDx)

**ORDER DENYING PLAINITFF'S MOTION TO REMAND [10]; AND GRANTING DEFENDANTS' MOTION TO DISMISS [8]**

## I.  INTRODUCTION

Plaintiff Robert R. Jimenez, pro se, initiated this defamation action against seven individual Defendants. (Notice Removal ("NOR") Ex. A ("Compl."), ECF Nos. 1, 1-1.)  The United States removed this case on behalf of six of those Defendants ("Removing Defendants"). (NOR 1.)  Before the Court are Plaintiff's Motion to Remand and Removing Defendants' Motion to Dismiss. (Mot. Remand, ECF No. 10; Mot. Dismiss, ECF No. 8.)  For the reasons below, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS** Removing Defendants' Motion to Dismiss.[1]

---

[1] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.     BACKGROUND[2]

Jimenez was a "District Manager in the Covina field office" of the United States Railroad Retirement Board ("RRB"). (Compl. 7, 73.[3]) Defendants Monica Chesser, Griselda Vivero-Monjaraz, and Lashanda Chadwick were RRB claims and program representatives. (*Id.* at 7, 21.) Defendant Jeramie Wondercheck was Jimenez's supervisor. (*Id.* at 58, 66.) Defendants Felicia Adams and Phenesha Odom were American Federation of Government Employees ("AFGE") representatives. (*Id.* at 85, 98.) These six Defendants are Removing Defendants. Defendant Scott Doellinger, who is not a Removing Defendant, was an independent investigator from Doelli LLC. (*Id.* at 35.)

Chesser and Vivero-Monjaraz filed internal harassment complaints against Jimenez. (*Id.* at 5.) Jimenez alleges that Defendants defamed him through statements made in connection with internal workplace complaints against him and investigations thereof. (*See, e.g.*, *id.* at 8, 27, 58–61.) For example, he alleges that Chesser made a defamatory statement in a harassment complaint against him by relaying that Vivero-Monajaraz "called [her,] scared[,] stating she received a very threatening and intimidating email from" Jimenez while both were in the office. (*Id.* at 23.) As a result of these defamatory statements and subsequent investigations, the Director of Field Services for RRB terminated Jimenez's employment. (*Id.* at 18.)

On March 20, 2025, Jimenez filed this action in Los Angeles Superior Court, asserting claims for defamation against Defendants. (Compl.) On May 16, 2025, Removing Defendants removed this action to this Court pursuant to the Westfall Act, 28 U.S.C. § 2679(d)(2). (NOR.) Along with the notice of removal, Removing Defendants submitted a Certification of Scope of Federal Employment, signed by David M. Harris, Chief of the Civil Division of the United States Attorney's Office for the Central District of California. (NOR Ex. 2 ("Certification"), ECF No. 1-2.) In

---

[2] All factual references derive from the Complaint, as well-pleaded factual allegations are accepted as true for purposes of these Motions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[3] Page numbers refer to the bottommost number of each page of the Complaint.

the Certification, Harris declared "upon the information now available to [him] with respect to the incidents referred to in the Complaint," that Removing Defendants "were acting within the course and scope of employment with the United States at all times material to the incidents alleged in the Complaint." (*Id.* ¶ 2.)

On May 23, 2025, Removing Defendants filed a Motion to Dismiss. (Mot. Dismiss.) Plaintiff filed an opposition, (Opp'n Mot. Dismiss, ECF No. 12), and Removing Defendants filed a reply, (Reply ISO Mot. Dismiss, ECF No. 14). On May 27, 2025, Plaintiff filed a Motion to Remand. (Mot. Remand.) Removing Defendants filed an opposition, (Opp'n Mot. Remand, ECF No. 13), and Plaintiff did not file a reply.

### III. LEGAL STANDARD

**A. Motion to Remand**

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court. The Westfall Act provides that, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose," a civil action in state court "shall be removed without bond at any time" to federal court. 28 U.S.C. § 2679(d)(2).

**B. Motion to Dismiss**

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The

factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

The Court first addresses Jimenez's Motion to Remand before turning to Removing Defendants' Motion to Dismiss.

### A. Motion to Remand

Removing Defendants removed this action to this Court under the Westfall Act. That act provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2). The director of the civil division of the district where the civil action or proceeding is brought may make this certification. 28 C.F.R. § 15.4(a). As noted, the Chief of the Civil Division of the United States Attorney's Office for the Central District of California has declared that Removing Defendants "were acting within the course and scope of employment with the United States at all times material to the incidents alleged in the Complaint." (Certification ¶ 2.)

In the Motion to Remand, Jimenez argues that the Certification is deficient because it is conclusory "without stating facts sufficiently to have support from the statutes and vested authority." (Mot. Remand 4.) Pursuant to 28 U.S.C. § 1346(b)(1), district courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of" government employees working within the scope of employment. Jiminez contends that Removing Defendants were required to, but did not, carry their "burden to clearly identify 'claims which are cognizable under'" this section. (*Id.* at 4 (quoting 28 U.S.C. § 2679(a)).) He further argues that because § 1346(b) does not apply to defamation claims, *see* 28 U.S.C. § 2680(h), his "claims for defamation run[] against the individually named, federal employee[s]," not the United States. (Mot. Remand 6.)

Jimenez's arguments miss the mark. "[W]hen the Attorney General certifies scope of employment, his certificate 'conclusively establish[es] scope of office or employment *for purposes of removal*.'" *Osborn v. Haley*, 549 U.S. 225, 242 (2007) (second alteration in original) (quoting 28 U.S.C. § 2679(d)(2)). Therefore, "[f]or purposes of establishing a forum to adjudicate the case, . . . § 2679(d)(2) renders the Attorney General's certification dispositive." *Id.* Section 2680(h), which lists libel and slander as exceptions to the Federal Tort Claims Act ("FTCA")'s waiver of sovereign immunity, does not override the Attorney General's authority to effect removal through a scope of employment certification. *See Trump v. Carroll*, 292 A.3d 220, 226 (D.C. 2023) (noting, in defamation case, that "the Attorney General's certification operates to remove the case from state court to the federal district court"). Rather, § 2680(h) provides that if the United States is properly substituted as a defendant for the government employee in a defamation case, then such substitution "bars any recovery." *Id.*; *see Pauly v. U.S. Dep't of Agric.*, 348 F.3d 1143, 1151 (9th Cir. 2003) (affirming substitution of United States as defendant and subsequently dismissing case because plaintiff's "tort claims are barred by 28 U.S.C. § 2680(h)"). As the Certification complies with § 2679(d)(2), it conclusively establishes Removing Defendants' right to remove the instant case to federal court. Accordingly, the Court **DENIES** Jimenez's Motion to Remand.

**B.  Motion to Dismiss**

Removing Defendants move to dismiss this case for lack of subject matter jurisdiction. Removing Defendants argue that 28 U.S.C. § 2680(h) bars Jimenez's defamation claims. (Mot. Dismiss 4–5.) This argument relies on this being a suit against the United States.[4]

"A party may bring an action against the United States only to the extent that the government waives its sovereign immunity." *Valdez v. United States*, 56 F.3d

---

[4] Removing Defendants also contend that Jimenez did not exhaust administrative remedies before bringing this case, as required by the FTCA. (Mot. Dismiss 2–4.)

1177, 1179 (9th Cir. 1995). The FTCA "represent[s] a limited waiver of that sovereign immunity for tort claims arising out of the conduct of a government employee acting within the scope of his or her employment." *Id.* However, a defamation claim is not actionable under the FTCA, as the FTCA does not apply to "[a]ny claim arising out of . . . libel [or] slander." 28 U.S.C. § 2680(h). Thus, if Jimenez's suit is against the United States, then the suit must be dismissed; if it is against the Removing Defendants, then the suit can continue. *Carroll*, 292 A.3d at 226–27 (explaining that, if United States is substituted as defendant in defamation case, then the FTCA bars the claim, but if United States is not substituted as defendant, then the FTCA does not bar the claim).

Rather than argue that he can maintain a defamation claim against the United States, Jimenez appears to challenge the United States's Certification and substitution as defendant, arguing that Removing Defendants' "acts are not within the course and scope of any federal employment at any time." (Opp'n Mot. Dismiss 7.) Unlike with removal, the Attorney General's certification does not conclusively establish scope of office or employment for purposes of trial. *Osborn*, 549 U.S. at 242. "[T]he party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." *Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017). "To rebut the scope certification, a plaintiff must allege sufficient facts that, taken as true, would establish that the defendant's actions exceeded the scope of his employment." *Id.* (cleaned up). Under the Westfall Act, courts look the "the principles of respondeat superior of the state in which the alleged tort occurred." *Id.* (emphasis omitted). Here, that is California. (*See* Compl. 4 (discussing incidents occurring at the RRB's field office located in California).)

In California, an employee acts within the scope of employment when it is "engendered by, typical of or broadly incidental to, or . . . a generally foreseeable consequence of" the employer's enterprise. *Lisa M. v. Henry Mayo Newhall Mem'l*

1  *Hosp.*, 12 Cal. 4th 291, 300 (1995) (internal quotation marks omitted). Put otherwise, an employee's activity falls within the course and scope of employment when, "in the context of the particular enterprise[,] an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." *Farmers Ins. Grp. v. County of Santa Clara*, 11 Cal. 4th 992, 1003 (1995) (emphasis omitted).

Making statements in a report regarding hostile work environment and other "workplace problems" is "garden variety conduct that falls within the scope of employment." *Beveridge v. United States*, No. 15CV2209-LAB (JMA), 2016 WL 7474825, at *1–2 (S.D. Cal. Dec. 28, 2016) (analyzing statements a co-worker made to a human resources employee); *see, e.g.*, *Whitcomb v. Moser*, No. 23-55723, 2024 WL 4224908, at *1 (9th Cir. Sept. 18, 2024) (affirming that statements made "during an interview as part of a workplace investigation into sexual harassment" are within the scope of employment); *Fowler v. Howell*, 42 Cal. App. 4th 1746, 1751 (1996) ("[A]n employee who has been encouraged to complain and provided a procedure to complain of sexual harassment by a coworker acts within 'the scope of [her] employment' by making such a complaint." (second alteration in original)).

Here, accepting Jimenez's allegations as true, Removing Defendants' defamatory statements were made within the scope of their employment. Jimenez was a "District Manager in the Covina field office" of the RRB. (Compl. 73.) And Removing Defendants were all RRB employees. (Compl. 7, 21, 75 (alleging that Chesser, Vivero-Monjaraz, and Chadwick were claims and program representatives of the RRB), 58, 66 (alleging that Wondercheck was Jimenez's manager), 85, 98 (alleging that Odom and Adams were AFGE representatives).)

Removing Defendants' alleged defamatory statements were made in connection with internal workplace complaints to the RRB or investigations thereof. (*See, e.g.*, Compl. 7 (discussing "false and malicious statements . . . via written affidavits and interviews, under oath" to Doellinger as part of an RRB investigation), 27 (discussing

filing of RRB Anti-Harassment complaint), 35 (alleging false statements in reports of investigations).) These complaints concerned Jimenez's workplace conduct. (*See, e.g., id.* at 9 (alleging statement that Jimenez sent a "threatening and intimidating email" while Jimenez and Vivero-Monjaraz were in the office), 16 (alleging motivations for false statement included resentment against Jimenez for taking intern's side in incident between employee and intern), 31 (alleging that Jimenez made inappropriate comments about employee's gender, age, and marital status when discussing her future at RRB), 75 (alleging statement that Jimenez "violated [employee's] employment rights" and "obstructed her job training and development.").) In fact, the RRB made an adverse finding in the investigation against Jimenez, and he tried to appeal to the Equal Employment Opportunity Commission. (*Id.* at 12–13.) As a result of Removing Defendants' false statements, Jimenez was "remov[ed] from his position and occupation in federal service[,] . . . tantamount to a dishonorable discharge." (*Id.* at 95.) To the extent Jimenez's defamation allegations are based on the Removing Defendants' statements, they were made within the scope of their employment for the United States.

Jimenez has not alleged facts to establish that Removing Defendants' actions exceeded the scope of their employment and thus has not met his burden to rebut the Certification. *Saleh*, 848 F.3d at 889. Thus, the Court lacks jurisdiction to hear Jimenez's defamation claims. *Abbey v. United States*, 112 F.4th 1141, 1145 (9th Cir. 2024) ("[F]ederal courts lack jurisdiction over suits against the United States unless it consents to be sued." (internal quotation marks omitted)). Accordingly, the Court **DISMISSES** Jimenez's defamation claims against Removing Defendants.

### C. Leave to Amend

Jimenez requests to amend his complaint to raise a claim under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) for defamation against the Removing Defendants. (Opp'n Mot. Dismiss 11–12; Mot. Remand 6–7.)

In *Bivens*, the Supreme Court "authorized a damages action against federal officials for alleged violations of the Fourth Amendment." *Egbert v. Boule*, 596 U.S. 482, 486 (2022). Since then, the Supreme Court has authorized *Bivens* causes of action for Fifth Amendment (sex discrimination) and Eighth Amendment (inadequate care) violations. *Id.* at 490. In the last forty-five years, the Supreme Court "has consistently declined to extend *Bivens* to new contexts." *Goldey v. Fields*, 606 U.S. 942, 945 (2025); *see Egbert*, 596 U.S. at 486 ("We have declined 11 times to imply a similar cause of action for other alleged constitutional violations.").

To state a *Bivens* claim, a plaintiff must "allege[] facts rising to a constitutional violation." *Arnold v. United States*, 816 F.2d 1306, 1311 (9th Cir. 1987). Even if a plaintiff alleges a constitutional violation, courts apply a two-step test to determine whether a *Bivens* claim may proceed. *Goldey*, 606 U.S. at 944. First, courts ask "whether the case presents 'a new *Bivens* context'—that is, whether the case 'is different in a meaningful way' from the cases in which th[e Supreme] Court has recognized a *Bivens* remedy." *Id.* (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017)). Second, if a case presents a new context, courts "then ask whether there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.* (internal quotation marks omitted) (quoting *Egbert*, 596 U.S. at 492). In applying the second test, courts "face[] only one question: whether there is *any* rational reason (even one) to think that *Congress* is better suited to weigh the costs and benefits of allowing a damages action to proceed." *Egbert*, 596 U.S. at 496 (internal quotation marks omitted).

Jimenez does not identify which of his constitutional rights Removing Defendants have violated. Instead, he asks for an "opportunity to plead a *Bivens* claim against each individually named Defendant[] for their intentional tort action of defamation," (Opp'n Mot. Dismiss 11), and "to present and frame a 5 C.F.R

§ 735.203[5] question within the context of defamation," (Mot. Remand 7). An intentional tort action of defamation cannot support a *Bivens* claim because it is not a constitutional violation. *See Arnold*, 816 F.2d at 1311 (denying *Bivens* claim where allegations are not constitutional violations but "claims sounding instead in tort").

Even if Jimenez alleged constitutional violations, such as a Fifth Amendment due process violation or a First Amendment retaliation claim, these claims would present a "new context." *See Harper v. Need*, 71 F.4th 1181, 1184, 1187 (9th Cir. 2023) (holding that former federal employee's Fifth Amendment due process challenge to adverse employment action presented a "new context"); *Egbert*, 596 U.S. at 498 (holding that First Amendment retaliation claims presents a "new context" because the Supreme Court "ha[s] never held that *Bivens* extends to First Amendment claims");

Based on the facts Jimenez alleges, the Court could not find that *Bivens* extends to this new context. *See Mejia v. Miller*, 61 F.4th 663, 669 (9th Cir. 2023) ("Under *Egbert*, rarely if ever is the Judiciary equally suited as Congress to extend *Bivens* even modestly."). "Where Congress has designed a program that provides what it considers adequate remedial mechanisms for constitutional violations, *Bivens* actions should not be implied." *Berry v. Hollander*, 925 F.2d 311, 314 (9th Cir. 1991). "This case involves an internal Executive Branch employment dispute governed by a separate legal mandate, the Civil Service Reform Act of 1978 (CSRA), Pub. L. 95-454, 92 Stat. 1111 (1978) (codified in various sections of 5 U.S.C.)." *Harper*, 71 F.4th at 1187. "Serious adverse employment actions," like termination, "may generally be appealed to the Merit Systems Protection Board (MSPB), with judicial review of those decisions available in federal court." *Id.* (citing 5 U.S.C. §§ 7512, 7513(d), 7703(b)(1)); (*see* Notice Lodging Ex. A ("Termination Letter") 8–10, ECF No. 19-1 (notifying Jimenez of his right to appeal to the MSPB, Office of Equal Opportunity,

---

[5] 5 C.F.R. § 753.203 provides that "[a]n employee shall not engage in criminal, infamous, dishonest, immoral, or notoriously disgraceful conduct, or other conduct prejudicial to the Government."

and Office of Special Counsel).)  "Because Congress passed the CSRA to" address disciplinary disputes, "extending *Bivens* to allow government employees to sue their supervisors for damages over disciplinary actions would significantly intrude into those functions."  *Harper*, 71 F.4th at 1188; *cf. Berry*, 925 F.2d at 312, 315–16 (declining to find "new context" for claims concerning violation of "First Amendment free expression rights and Fifth Amendment due process rights").

Therefore, amendment to add a *Bivens* claim would be futile.  Accordingly, Jiminez is not permitted leave to amend.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Jimenez's Motion to Remand.  (ECF No. 10.)  The Court also **GRANTS** Removing Defendants' Motion to Dismiss **without prejudice** and **without leave to amend**.  (ECF No. 8.)

That leaves Jiminez's claims against Defendant Doellinger.  The parties do not appear to contend that Jiminez's claims against Doellinger were removed to the Court.  (*See* NOR.)  To the extent the Court may have jurisdiction over these claims, the Court declines to exercise supplemental jurisdiction over them and **REMANDS** this case to the Superior Court of California, County of Los Angeles, 111 N. Hill Street, Los Angeles, CA 90012, Case No. 25STCV07990.  The Clerk shall close the case.

**IT IS SO ORDERED.**

August 6, 2025

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**